Mr. Justice Scott delivered the opinion of the Court. The first objection is not well taken, because any question, as to whether a grand jury has been drawn, summoned or empan-neled according to law, can only be considered under a plea in abatement. (State v. Greenwood, 5 Porter R., 474.) The second objection relates to a mere matter of form in the indictment, (State v. Posey, 5 Strob. R., atp. 124,) and is regulated by a provision of our statute, (Dig., ch. 52, sec. 98, p. 402,) which is clearly constitutional. The third objection is unsubstantial at best, but at any rate it cannot be taken in this court after having been passed by and waived in the court below. (The State v. Hicklin, 5 Ark. R. 191.) This court will presume that the circuit court did its duty under the provision of the statute, requiring the law relating to the pains and penalty inflicted upon the convict to be read to him and the consequences to be declared, that he may not be ignorant of the sentence pronounced upon him; (Dig., p. 378, ch. 51, sec 2.:) and if, in fact, that should be entirely omitted, it would be no cause for a reversal of the judgment. At the most, it could but be a ground to order the convict back to the circuit court to be there enlightened, and then remanded to the Penitentiary in pursuance of his sentence. We find no error in the face of this record, and, as neither the facts proven on the trial, nor the evidence adduced, has been presented by bill of exception, the presumption is, that the court properly overruled the motion for a new trial. Let the judgment be affirmed.